QUINN, Appellant, v. BROOKLYN HEIGHTS R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. December 12, 1899.) Action by Edward J. Quinn, an infant, etc., by Edward Quinn, his guardian ad litem, against the Brooklyn Heights Railroad Company. No opinion. Judgment of the county court of Kings county unanimously affirmed, with costs.

RAEGENER v. WILLARD. (Supreme Court, Appellate Division, First Department. November 17, 1899.) Action by Louis C. Raegener, as receiver, etc., against Alfred E. Willard. No opinion. Motion denied, with $10 costs. See 60 N. Y. Supp. 478.

RAMSDILL, Respondent, v. SWANICK, Appellant. (Supreme Court, Appellate Division, Third Department. November 21, 1899.) Action by John N. Ramsdill against James F. Swanick. No opinion. Motion denied. See 60 N. Y. Supp. 821.

REID ICE–CREAM CO., Appellant, v. BERNARD'S PHARMACY, Respondent. (Supreme Court, Appellate Division, Second Department. November 28, 1899.) Action by the Reid Ice-Cream Company against Bernard's Pharmacy. No opinion. Order reversed, on argument, with costs.

In re REMINGTON. (Supreme Court, Appellate Division, Fourth Department. May, 1899.) In the matter of the application of Harvey F. Remington, respondent, for an order revoking and canceling liquor tax certificate No. 13,136, granted to George E. Weiland, appellant. No opinion. Order affirmed, with $10 costs and disbursements.

REMSEN, Appellant, v. ONDERDONK, Respondent. (Supreme Court, Appellate Division, Second Department. November 28, 1899.) Action by Rebecca M. Remsen against John H.

Onderdonk, as administrator, etc., of Dorothy M. Onderdonk, deceased, etc. No opinion. Order modified, so as to impose, as a condition for granting a new trial, that the defendant, within 20 days, pay the plaintiff the trial fee and disbursements of the trial, to be taxed, and, as modified, affirmed, without costs of this appeal to either party.

RENOUX, Appellant, v. NOUGUS et al., Respondents. (Supreme Court, Appellate Term. December 28, 1899.) Action by Jeanne Renoux against Louise Nougus and another. From a judgment dismissing the complaint, plaintiff appeals. Affirmed. H. A. Geney, for appellant. Louis Mathot, for respondent.

FREEDMAN, P. J. This case presents only a sharp conflict of testimony, and in determining such conflict the trial judge found in favor of the defendants. There is nothing disclosed by the record to warrant a reversal of the judgment. Judgment affirmed, with costs. All concur.

RICE, Appellant, v. MILLER, Respondent. (Supreme Court, Appellate Division, Fourth Department. June, 1899.) Action by Herbert P. Rice against Charles F. Miller. No opinion. Judgment affirmed, with costs.

RICHARDSON, Respondent, v. GREAT EASTERN CASUALTY & INDEMNITY CO., Appellant. (Supreme Court, Appellate Division, Third Department. December 6, 1899.) Action by Katherine E. Richardson against the Great Eastern Casualty & Indemnity Company. No opinion. Judgment and order affirmed, with costs.

RIFENBURGH, Respondent, v. CARROLL, Appellant. (Supreme Court, Appellate Division, Third Department. December 12, 1899.) Action by Allen Rifenburgh against Thomas Carroll. No opinion. Order affirmed, with $10 costs and disbursements.

ROBY, Respondent, v. PHYFE et al., Appellants. (Supreme Court, Appellate Division, Second Department. December 19, 1899.) Action by Augusta A. Roby against Alvah E. Phyfe and others. No opinion. Order affirmed, without costs, on condition that, within 20 days, plaintiff cause to be procured a release of the appellant Phyfe from liability on the judgment for deficiency, and also on the $1,000 bond and mortgage.

ROCHESTER BILL–POSTING CO., Respondent, v. CITY OF ROCHESTER, Appellant. (Supreme Court, Appellate Division, Fourth Department. June, 1899.) Action by the Rochester Bill-Posting Company against the city of Rochester.

PER CURIAM. Upon the facts found, and the stipulation at the trial, the plaintiff's complaint should have been dismissed, with costs to the plaintiff; and the judgment is, therefore, modified accordingly, and, as thus modified, affirmed, without costs of this appeal to either party.